414 P.2d 217

**Lawrence Jay SNOW, Petitioner,**

**v.**

**Harold A. COX, Warden of the New Mexico State Penitentiary, Respondent.**

**No. 8126.**

Supreme Court of New Mexico.

May 9, 1966.

Joseph A. Roberts, Santa Fe, for petitioner.

Boston Witt, Atty. Gen., Paul J. Lacy, Asst. Atty. Gen., Santa Fe, for respondent.

**PER CURIAM.**

Petitioner seeks discharge from custody of the respondent under a writ of habeas corpus.

The uncontradicted facts are that on March 23, 1955, petitioner was sentenced by the district court of Bernalillo County

to a term of not less than 5 nor more than 15 years in the penitentiary for the crime of armed robbery. On January 2, 1959, petitioner voluntarily signed a parole agreement which contained the following pertinent provisions:

"5. I understand that any violation of this Agreement may result in the revocation of my parole. I understand that, upon conviction of any crime, I may be imprisoned not only for that offense but also to continue serving my sentence as a parole violator."

"6. During my parole if I should be in another state, I hereby agree to return to New Mexico voluntarily, and waive extradition proceedings, at the request of the New Mexico Board of Parole for any reason."

"8. SPECIAL CONDITIONS: I agree to be paroled to the detainer held by the Sheriff of Maricopa County, Phoenix, Arizona. Upon disposition of these charges, I will immediately notify the Director of Parole, P. O. Box 1219, Santa Fe, New Mexico. If the charges in the detainer do not result in imprisonment, I agree to a supervision plan in the community for the balance of my parole in such state as may be indicated."

On January 4, 1959, petitioner was released to the sheriff of Maricopa County, Arizona, and thereafter it appears that the charges against petitioner in Maricopa County were dismissed. In accordance with paragraph 8 of the parole agreement quoted above, petitioner notified the director of parole in New Mexico and a plan of parole was worked out whereby petitioner remained in Arizona under supervision of the Arizona authorities. On August 5, 1960, petitioner absconded from supervision in Arizona, and on September 1, 1960, his arrest was directed by the director of parole in New Mexico. It appears that after departing Arizona, and on or about August, 1960, petitioner was convicted of attempted armed robbery in Kentucky and served in prison there until December, 1964, when he was paroled by Kentucky authorities to a detainer in Oklahoma, and that he was held in Oklahoma for some ten months until he was released under a writ of habeas corpus. It was at this time that he was taken into custody by New Mexico officers pursuant to the September 1, 1960 directive.

Petitioner argues here that his imprisonment and detention amount to a denial of due process of law as guaranteed by Art. II, § 18, of the Constitution of New Mexico, and the Fifth and Fourteenth Amendments of the Constitution of the United States, in that by releasing petitioner to a detainer in the State of Arizona, jurisdiction over him was lost by the State of New Mexico, and that it could not be regained.

Petitioner places his principal reliance on the cases of People ex rel. Bar-

rett v. Bartley, 383 Ill. 437, 50 N.E.2d 517, 147 A.L.R. 935, and Jones v. Rayborn (Ky. App.1961) 346 S.W.2d 743. They are easily distinguishable. Both are cases in which the prisoner had been placed on parole without his consent and then transferred by direction of the Governor to another jurisdiction to stand trial. Without in any way indicating if we agree with the conclusion reached we can readily understand the basis therefor and the reasoning followed. Here, however, the situation is entirely different, and a different result is indicated.

Our statute, § 41–17–24.1, N.M.S.A. 1953, specifically authorizes parole to detainers. This was not true in Illinois at the time of People ex rel. Barrett v. Bartley, supra, and the court recognized that if the convict had actually been on parole when extradited, a different result would have been reached. In addition, petitioner here specifically agreed to the parole to the detainer and to the conditions as set forth in his parole agreement and was actually paroled in accordance therewith. This was not true either in People ex rel. Barrett v. Bartley, supra, or in Jones v. Rayborn, supra. The difference between those cases and the one now under consideration is clearly recognized in People ex rel. Milburn

v. Nierstheimer, 401 Ill. 465, 82 N.E.2d 438, and again in People ex rel. Pring v. Robinson, 409 Ill. 105, 98 N.E.2d 119. In neither of those cases was there a valid parole, but the court held that to result in a surrender of jurisdiction of the prisoner it was necessary that the delivery be made pursuant to direction of the Governor. There can be no question that waiver of jurisdiction to enforce the original sentence upon violation of the parole terms did not result under the facts here present. See note in 147 A.L.R. 941, 943; Heston v. Green, 174 Ohio St. 291, 189 N.E.2d 86. Compare Rider v. McLeod (Okl.Cr.App.1958) 323 P.2d 741, where the facts are strikingly similar to those here present.

We are clear that in granting parole to detainer in Arizona, under the facts here present, there was no surrender of jurisdiction over petitioner such as would prevent his being reincarcerated to complete his sentence upon his violation of the terms of his parole being established. Neither has he been deprived of any constitutionally protected right. The writ of habeas corpus heretofore issued should be quashed and the petitioner remanded to the custody of respondent.

It is so ordered.